IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CCCS INTERNATIONAL, a South
Carolina corporation,

          Plaintiff,

v.

FONTAINEBLEAU RESORTS, LLC, a
Nevada limited liability company; and
TURNBERRY CONSTRUCTION, INC., a
Florida corporation.

          Defendants.

Case No.
Honorable

**09-21881**

CIV-UNGARO

MAGISTRATE JUDGE
SIMONTON

FILED by ____ D.C.
JUL 0 7 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

## COMPLAINT AND JURY DEMAND

      CCCS International ("CCCS"), through its attorneys, states as its Complaint against the above named Defendant as follows:

### PARTIES

    1.    CCCS is a South Carolina corporation with its principal place of business located at 102 Graduate Lane, Ladson, South Carolina. CCCS did engage in systematic and regular business activities in Miami-Dade County, Florida.

    2.    Fontainebleau Resorts, LLC is a Nevada limited liability company engaged in systematic and regular business activities in Miami-Dade County, Florida.

    3.    Turnberry Construction, Inc. is a Florida corporation with its principal place of business located at 19950 West Country Club Drive, Tenth Floor, Aventura, Florida.

4.     There is complete diversity of citizenship between the litigants, and the amount in controversy in this action exceeds $75,000.00 exclusive of interest and costs. Accordingly, this Court has subject matter jurisdiction pursuant to 28 USC § 1332.

5.     Venue is proper in this Court in that Defendants maintains their place of business in Miami, Florida, and this matter arose out of the construction of the Fontainebleau Miami Beach Hotel and Resort, located in Miami, Florida.

### FACTUAL SUMMARY

6.     This lawsuit arises from the construction of the Fontainebleau Miami Beach Hotel and Resort, in Miami, Florida (the "Project"). CCCS was retained to perform various construction management and auditing services for the Project. Fontainebleau Resorts, LLC is the owner of the Project. Turnberry Construction, Inc. is the general contractor for the Project, who operated under the direction and control of Fontainebleau. (Defendants Fontainebleau Resorts, LLC and Turnberry Construction, Inc. will be collectively referred to as "Fontainebleau Defendants").

7.     During the summer of 2008, CCCS was contacted by Fontainebleau Defendants' representatives and asked to provide various construction management services for the Project. According to Fontainebleau Defendants, they were in need of a construction manager able to provide cost management and auditing services to recover prior unnecessary overpayments.

8.     CCCS was promised that it would be compensated through an agreed upon "Incentive Recovery Fee", whereby CCCS would obtain a percentage of any recovery on the overpayments made to various contractors and suppliers who worked

at the Project.  The parties projected that CCCS would save Fontainebleau Defendants a total of $40 million in prior overpayments.

9.      CCCS was promised that it would be entitled to 2% of any prior overpayments or potential overpayments discovered through its efforts.

10.     In addition to the Incentive Recovery Fee, CCCS was to be paid a monthly billing fee, living expenses, and a separate 10% overhead/administration fee on all costs associated with overseeing and managing other cost control teams and staff members.

11.     Based upon these discussions, in the fall of 2008, CCCS entered into an oral contract with Fontainebleau Defendants for the construction, bidding, negotiating and auditing of the Project (the "Contract").

12.     Before the agreement was reduced to writing, Fontainebleau Defendants brought CCCS to the Project in an attempt to contain costs and recover prior overpayments and CCCS began performing its work under the Contract.

13.     During the negotiations prior to the formation of the Contract, Fontainebleau Defendants did not disclose that Fontainebleau Defendants had no intention of honoring the terms of Contract.

14.     Fontainebleau Defendants failed to adequately supervise, coordinate, plan and schedule all of the work performed at the Project which resulted in significant delays, disruptions, alterations and hardship on many of the subcontractors, consultants and employees who worked on the Project, including CCCS.

15.     At the time CCCS completed its services at the Project, and based upon its detailed auditing procedure, CCCS discovered over $28 million in overpayments.

16.     However, and despite receiving the benefits of discovered overpayments, Fontainebleau Defendants have refused to pay CCCS the agreed to compensation.

17.     Despite repeated requests, Fontainebleau Defendants have refused to deal fairly and in good faith with CCCS, including failing to resolve the issues relating to payment for the work performed and accepted.

18.     These and other breaches as alleged above and below have severely damaged CCCS, particularly Fontainebleau Defendants' failure to pay for the work performed, which has caused CCCS to incur considerable financial damages.

**COUNT I**
**BREACH OF CONTRACT**
**(All Defendants)**

19.     CCCS repeats and realleges the allegations in paragraphs 1 through 18 above as if fully set forth herein.

20.     CCCS entered into the Contract with Fontainebleau Defendants as set forth above.

21.     CCCS performed its obligations under the Contract.

22.     CCCS discovered over $28 million in prior overpayments.

23.     Fontainebleau Defendants materially breached the Contract by, but not limited to, the following:

      a.     Failure to make payments when due under the Contract;

      b.     Failing to honor the agreed to Incentive Recovery Fee;

      c.     Failing to provide CCCS with the agreed upon fees, including the overhead/administration fee;

d. Failing to provide CCCS with the agreed upon moving and living expenses;

e. Refusing to recognize and accept many discovered over-billings;

f. Refusing to accept the discovery of various improper billing practices by many contractors, subcontractors and suppliers;

g. Attempting to renegotiate with various contractors with the use of CCCS's overpayment information to the detriment of CCCS;

h. Failing to honor various bidding and change order requirements; and

i. Failing to properly administer the Contract and coordinate the Project.

24. The foregoing breaches of Contract directly and proximately caused CCCS to incur additional costs and damages including, but not limited to:

a. Nonpayment of the Contract's balance;

b. Increased Project costs;

c. Increased travel and living expenses;

d. Lost use of capital; and

e. Other related, incidental and consequential damages.

WHEREFORE, CCCS requests that this Court enter a judgment against the Fontainebleau Defendants, jointly and severally, in favor of CCCS in whatever amount is determined to be owed, including the specific categories of damages alleged above, together with costs, expenses, interest, exemplary/punitive damages and such other and further relief as this Court deems appropriate.

//

**COUNT II**
**UNJUST ENRICHMENT / QUANTUM MERUIT**
**(All Defendants)**

25.     CCCS incorporates the allegations in paragraphs 1 through 24 as though fully set forth herein.

26.     CCCS contributed significant improvements and cost savings to the Project.

27.     CCCS has not been paid in excess of $500,000.00 for its services provided to the Project.

28.     Fontainebleau Defendants have received, and continues to receive, the benefits of the project management and auditing services provided by CCCS at the Project.

29.     The services provided by CCCS have or should save Fontainebleau Defendants in excess of $28 million.

30.     However, and despite Fontainebleau Defendants having received this significant benefit and cost savings, Fontainebleau Defendants have refused to compensate CCCS for these services, which are valued in excess of $500,000.00.

31.     As a direct and proximate result of the nonpayment by Fontainebleau Defendants, CCCS continues to suffer further damages, including costs and fees incurred in pursuing this matter.

32.     Unless Fontainebleau Defendants are made to pay for the benefits provided by CCCS, Fontainebleau Defendants will be unjustly enriched in an amount in excess of $500,000.00 to the detriment of CCCS.

WHEREFORE, CCCS requests that this Court enter judgment in its favor against Fontainebleau Defendants, jointly and severally, in an amount in excess of $500,000.00 in direct damages plus consequential damages, together with the damages alleged herein, with costs, expenses, interest, exemplary/punitive damages and such other and further relief as this Court deems appropriate.

## JURY DEMAND

CCCS hereby demands a trial by jury of all issues and claims properly submitted to a jury.

Respectfully submitted on July 6, 2009,

Steven E. Nurenberg
*Florida Bar No. 0808431*
Steven M. De Falco
*Florida Bar No. 0733571*
Counsel for Plaintiff
MEUERS LAW FIRM, P.L.
5395 Park Central Court
Naples, FL 34109
Telephone:    (239) 513-9191
Facsimile:    (239) 513-9677

CIV-UNGARO

JS 44 (Rev. 2-08)

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**

CCCS INTERNATIONAL

MAGISTRATE JUDGE
SIMONTON

**DEFENDANTS**

FONTAINEBLEAU RESORTS, LLC, TURNBERRY CONSTRUCTION, INC.

**(b)** County of Residence of First Listed Plaintiff   Berkeley County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Miami-Dade County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Steven E. Nurenberg and Steven M. De Falco, Meuers Law Firm, P.L., 5395 Park Central Court, Naples, FL 34109

09-CV-21881- Ungaro/Simonton

JUL 07 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.

**(d)** Check County Where Action Arose: ✓ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

| II. BASIS OF JURISDICTION (Place an "X" in One Box Only) | III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) |
|---|---|

(For Diversity Cases Only)

| | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ✓ 4 |
| ☐ 2 U.S. Government Defendant | ✓ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ✓ 5 | ✓ 5 |
| | | Citizen or Subject of a Foreign Country ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ✗ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. Security | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization | | Under Equal Access to Justice |
| | Employment | ☐ 550 Civil Rights | Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien | | ☐ 950 Constitutionality of State |
| | Other | | Detainee | | Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

✓ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Re-filed- (see VI below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):

a) Re-filed Case ☐ YES ✓ NO   b) Related Cases ☐ YES ✓ NO

JUDGE _____   DOCKET NUMBER _____

**VII. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

28 USC 1332

LENGTH OF TRIAL via  3-5  days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 500,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ✓ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD   _Steven M. DeFalco_

DATE   7-6-09

FOR OFFICE USE ONLY

AMOUNT $350.00   RECEIPT # 1004195

07/07/09