UNITED STATES DISTRICT COURT
for the
Southern District of Florida

CASE NO: 09-21881
CIV-UNGARO
MAGISTRATE JUDGE SIMONTON

CCCS INTERNATIONAL,

    Plaintiff,

vs.

FONTAINEBLEAU RESORTS and
TURNBERRY CONSTRUCTION, INC.,

    Defendant.
_____/

## TURNBERRY CONSTRUCTION INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, TURNBERRY CONSTRUCTION, INC., (hereinafter "Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Complaint filed against it by CCCS International, ("Plaintiff"), and states as follows:

## ANSWER

1. Defendant is without knowledge of the allegations of paragraph 1 of the Complaint.

2. Defendant is without knowledge of the allegations of paragraph 2 of the Complaint.

3. Defendant admits the allegations of paragraph 3 of the Complaint.

4. Defendant is without knowledge of the allegations of paragraph 4 of the Complaint.

5. Defendant admits that its principal place of business is in Miami, Florida and that the construction of the Fontainebleau Miami Beach Hotel and Resort occurred in Miami, Florida, but is without knowledge of the remaining allegations of paragraph 5 of the Complaint

6. Defendant admits that it was general contractor for the construction of the Fontainebleau Miami Beach Hotel and Resort, but denies the remaining allegations of paragraph 6 of the Complaint.

7. Defendant denies the allegations of paragraph 7 of the Complaint.

8. Defendant denies the allegations of paragraph 8 of the Complaint.

9. Defendant denies the allegations in paragraph 9 of the Complaint.

10. Defendant denies the allegations in paragraph 10 of the Complaint.

11. Defendant denies the allegations of paragraph 11 of the Complaint.

12. Defendant denies the allegations of paragraph 12 of the Complaint.

13. Defendant admits that it did not disclose to Plaintiff that Defendant had no intention of honoring the terms of Contract, as such statement is untrue, but denies the remaining allegations of paragraph 13 of the Complaint.

14. Defendant denies the allegations of paragraph 14 of the Complaint.

15. Defendant denies the allegations of paragraph 15 of the Complaint.

16. Defendant denies the allegations of paragraph 16 of the Complaint.

17. Defendant denies the allegations of paragraph 17 of the Complaint.

18. Defendant denies the allegations of paragraph 18 of the Complaint.

19. Defendant restates and incorporates its responses in paragraphs 1 through 18.

20. Defendant denies the allegations of paragraph 20 of the Complaint.

21. Defendant denies the allegations of paragraph 21 of the Complaint.

22. Defendant denies the allegations of paragraph 22 of the Complaint.

23. Defendant denies the allegations of paragraph 23(a)-(i) of the Complaint.

24. Defendant denies the allegations of paragraph 24 (a)-(e) of the Complaint.

25. Defendant restates and incorporates its responses in paragraphs 1 through 24.

26. Defendant denies the allegations of paragraph 26 of the Complaint.

27. Defendant is without knowledge of the allegations of paragraph 27 of the Complaint.

28. Defendant denies the allegations of paragraph 28 of the Complaint.

29. Defendant denies the allegations of paragraph 29 of the Complaint.

30. Defendant denies the allegations of paragraph 30 of the Complaint.

31. Defendant denies the allegations of paragraph 31 of the Complaint.

32. Defendant denies the allegations of paragraph 32 of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred or should be reduced by Defendant's right to a set-off for damages the Defendant incurred from Plaintiff's prior material breach of the alleged Contract.

## SECOND AFFIRMATIVE DEFENSE

22. Plaintiff's Complaint fails to state a cause of action for breach of contract because Plaintiff fails to properly and adequately plead breach of an oral contract and Plaintiff does not allege that there was a written contract between the parties, nor attach such written contract to its Complaint.

## THIRD AFFIRMATIVE DEFENSE

23. Plaintiff's claims are barred in whole or in part as a result of payment by or on behalf of the Defendant.

## FOURTH AFFIRMATIVE DEFENSE

24. Plaintiff's claims are barred in whole or in part as a result of Plaintiff's knowing waiver of such claims.

## FIFTH AFFIRMATIVE DEFENSE

25. Plaintiff is estopped in whole or in part from asserting its claims in this action.

WHEREFORE, Defendant, TURNBERRY CONSTRUCTION, INC., requests that the Court dismiss Plaintiff's Complaint, and enter judgment in its favor against Plaintiff, CCCS International, for its reasonable attorneys' fees, costs, and for any further relief this court deems necessary or proper.

>REIMER & ROSENTHAL LLP
>Weston Professional Centre
>2115 N Commerce Parkway
>Weston, FL 33326
>Telephone (954) 384-9200
>david@rrcounsel.com
>
>By: /s/David H. Reimer
>    David H. Reimer, Esq.
>    Fla. Bar No. 909520
>    Amanda Jassem, Esq.
>    Fla. Bar No. 26260

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the Answer and Affirmative Defenses was served using the CM/ECF System, this ___ day of November 2009.

>/s/David H. Reimer
>David H. Reimer